**In re James P. DAVIS and Gloria Davis, Debtors.**

**James P. DAVIS and Gloria Davis, Appellants,**

v.

**CHICAGO MUNICIPAL EMPLOYEES CREDIT UNION, Appellee.**

No. 88 C 2181.

United States District Court, N.D. Illinois, E.D.

May 20, 1988.

Linda Spak, Spak & Associates, P.C., Chicago, Ill., for James and Gloria Davis.

Frederick P. Heiss, Boyle & Heiss, Ltd., Chicago, Ill., for Chicago Mun. Employees Credit Union.

### ORDER

NORGLE, District Judge.

The debtors, James P. Davis and Gloria Davis, seek review of a bankruptcy court order entering judgment in favor of Chicago Municipal Employees Credit Union ("CME"). For the following reasons, the judgment is reversed.

### FACTS

James Davis is employed by the City of Chicago as a supervisor in the Department of Inspectional Services, and is a member of the Municipal Employees Benefit Fund of Chicago ("Fund"), a retirement and disability fund. On December 12, 1984, Davis assigned to CME, in consideration for a loan, any refund of his contributions to the Fund which would become payable to him upon his termination of employment with the City. Davis filed a Chapter 7 petition for bankruptcy on August 19, 1986, and scheduled the debt to CME. Davis filed a complaint to determine the validity of CME's lien. On January 25, 1988, Judge Erwin I. Katz entered judgment in favor of CME determining the lien to be valid. Judge Katz reasoned that the Illinois statutory provision did not prohibit assignment of refunds, but only applied to annuities or disability benefits.

### Discussion

Illinois statutory law governs the administration of the Fund into which Davis, as a City of Chicago employee, made contributions. The relevant provisions state:

8–244. **Annuities, etc.,—Exempt.**—All annuities, pensions, and disability benefits granted under this Article, shall be exempt from attachment or garnishment process and shall not be seized, taken, subjected to, detained, or levied upon by virtue of any judgment, or any process or proceeding whatsoever issued out of or by any court in this state, for the payment and satisfaction in whole or in part of any debt, damage, claim, demand, or judgment against any annuitant, pensioner, or other beneficiary hereunder.

No annuitant, pensioner or other beneficiary shall have any right to transfer or assign his annuity or disability benefit or any part thereof by way of mortgage or otherwise....

Ill.Rev.Stat. ch. 108½, ¶ 8–244 (1985). The question at issue is whether this provision prohibits the assignment of refunds by a member of the Fund while employed by the City. A refund is the return to the employee of all his contributions into the Fund upon his termination of employment where the employee is not fully vested in the Fund at his termination (i.e. less than 10 years of service and withdrawal before age 60, or withdrawal before age 55). *See* Ill.Rev.Stat. ch. 108½, ¶ 8–168 (1985). Although ¶ 8–244 does not specifically refer to "refunds" as being unassignable, it does provide that no "annuity or disability benefit *or any part thereof*" may be assigned (emphasis added). The court finds the inclusion of "any part thereof" significant. A refund is a return of the monies contrib-

uted by the employee. An employee's contribution quite simply constitutes "a part" of the annuity or disability benefit to be received by the employee from the Fund. Therefore, the refund of these contributions is a part of the benefits to be received by the employee. Construing the language of the statute in this fashion, ¶ 8–244 prohibits the assignment of refunds.

Moreover, the court has examined statutory provisions under Chapter 108½ providing for pension and annuity funds for other municipal and state employees. Many of these sections provide specifically that "refunds" or "return of contributions" shall not be assignable. See ¶ 5–218 (Policemen), ¶ 6–213 (Firemen), ¶ 11–223 (Laborers and Retirement Board Employees), ¶ 16–190 (Teachers). Other sections provide as follows: ¶ 9–228 (County Employees and Officers—"No annuitant, pensioner, person entitled to a refund, or other beneficiary shall have any right to transfer or assign his annuity or disability benefit or any part thereof...."), ¶ 17–151 (Public School Teachers: cities over 500,000—"All pensions, annuities, refunds ... are exempt from attachment.... No pensioner has the right to transfer or assign his pension or any part thereof...."). Other sections have more general language which appear to encompass refunds as being unassignable: ¶ 12–190 (Park and Retirement Board —"The right of a person to annuity or any other right accruing to any other person under the provisions of this Article, and the moneys in the various reserves created under this Article ... shall be unassignable...."), ¶ 13–213 (Sanitary District—"All allowances, annuities, and benefits granted under this Article shall be exempt from attachment.... No annuitant or other beneficiary shall have any right to transfer or assign his allowance, annuity or benefit or any part thereof...."), ¶ 14–147 (State Employees—"All annuities and other benefits payable under this Article ... shall be unassignable...."), ¶ 15–185 (State Universities—"Annuities and other benefits payable under this Article ... shall be unassignable...."), ¶ 18–161 (Judges—"All annuities and other benefits payable under this Article ... are unassignable....")

The only prohibition of assignment sections that do not directly and implicitly apply to refunds are ¶ 19–117 (House of Correction Employees) and ¶ 19–218 (Public Library Employees). Both of these sections provide that "no annuitant shall ... transfer or assign his or her annuity...."

With the exception of these two latter provisions, the Illinois state legislature's intent in creating the state and municipal employees' funds was to prevent the beneficiaries from assigning their rights to the proceeds of the funds, including the beneficiaries' rights to refunds payable upon the employees' termination of employment. It does not seem congruent with state policy that only certain types of employees would be singled out as being able to assign their rights to refunds when the vast majority of state and municipal workers cannot assign these rights. The court will not strictly construe the language of ¶ 8–244 to exclude refunds from its applicability where the legislature has consistently intended both explicitly and implicitly to include refunds as being unassignable for most state and municipal employees' pension funds. Moreover, the language of ¶ 8–244, "any part thereof" shall not be assignable, when viewed in conjunction with the legislature's intent, should be construed as including refunds. Additionally, the language of ¶ 8–244, "No annuitant, pensioner or *other beneficiary* shall have a right to transfer or assign...." (emphasis added) may also be construed as consistent with the legislative intent. The words "other beneficiary" should be viewed as including refund recipients especially since the legislature failed to specify the other alternative, "disability beneficiary," the only other type of beneficiary created under the Plan.

This conclusion is consistent with policy considerations expressed by Congress in enacting the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*:

One of the most important matters of public policy facing the nation today is how to assure that individuals who have spent their careers in useful and socially productive work will have adequate in-

come to meet their needs when they retire. This legislation is concerned with improving the fairness and effectiveness of qualified retirement plans in their vital role of providing retirement income.

H.Rep. No. 807, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad. News 4639, 4670, 4676.

In conclusion, Davis did not have a right while employed to assign his interest in the refund of annuity benefits which would become payable to him on his termination of employment with the City. CME does not have a valid lien attaching to Davis's benefits. Therefore, the judgment of the bankruptcy court is reversed.

IT IS SO ORDERED.